## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United Healthcare Services, Inc.,

　　　　　　Plaintiff,

v.

AmerisourceBergen Corporation;
Amerisourcebergen Drug Corporation;
AmerisourceBergen Specialty Group,
LLC; ASD Specialty Healthcare, LLC
*d/b/a* Oncology Supply Company; and
Medical Initiatives, Incorporated *d/b/a*
Oncology Supply Pharmacy Services,

　　　　　　Defendants.

Civil No. 23-2890 (DWF/ECW)

**MEMORANDUM
OPINION AND ORDER**

## INTRODUCTION

This matter is before the Court on a motion for relief from judgment filed by

Plaintiff United Healthcare Services, Inc. ("UHS" or "Plaintiff").  (Doc. No. 58.)

Defendants oppose the motion.  (Doc. No. 68.)[1]  For the reasons set forth below, the

Court grants the motion.

## BACKGROUND

The facts of this complex case were fully set forth in the Court's April 24, 2024

Order.  (Doc. No. 56 (the "April 2024 Order").)  Those facts are incorporated herein.  To

---

[1]　As a threshold matter, Defendants argue that the motion is improper because it is
in fact a request for reconsideration.  The Court finds that the motion is properly before
the Court.  Even if the Court found that Plaintiff was required to request leave to file a
motion under Rule 7.1(j), the Court would have granted that request, and the result today
would be the same.

briefly recap, Plaintiff alleges that between 2001 and 2014, Defendants[2] perpetrated an unlawful scheme (the "Program" or "PFS Program")[3] to distribute and sell doses of adulterated drugs that were administered to patients, many of whom were insured under programs operated by Plaintiff.  (*See generally* Doc. No. 1.)  The PFS Program was the subject of prior civil actions and government investigations, which were disclosed in Defendants' filings with the Securities and Exchange Commission ("SEC") and in other public sources, namely an August 2012 article in the Wall Street Journal ("WSJ").   The Court took judicial notice of the SEC filings, materials posted on governmental websites, and news reports to the extent that a report demonstrated that information was available at a certain point in time.  The details of these disclosures are fully set forth in the April 2024 Order.

In the April 2024 Order, the Court explained that Plaintiff brought this action on September 19, 2023, based on conduct that ended in 2014.  Plaintiff's claims included: (1) common law fraud; (2) a claim under the Minnesota Consumer Fraud Act; (3) a claim under the Minnesota Unlawful Trade Practices Act; (4) a claim under Minnesota's

---

[2]    For convenience, the Court refers to Defendants collectively.  As laid out in the April 2024 Order, Defendants include:  Amerisource Bergen Corporation, its subsidiaries AmerisourceBergen Drug Corporation and AmerisourceBergen Specialty Group, LLC ("ABC Specialty").  Defendant ASD Specialty Healthcare LLC d/b/a Oncology Supply ("Oncology Supply") is a former division or subsidiary of ABC Specialty and was a pharmaceutical wholesaler that is no longer in business.  Defendant Medical Initiatives, Inc. d/b/a Oncology Supply Pharmacy Services ("MII") operated out of an Alabama facility of Oncology Supply.  MII was acquired by AmerisourceBergen in 2001.

[3]    The Program involved MII, which created pre-filled syringes ("PFS") of oncology drugs for ABC Specialty to sell or distribute to healthcare providers.

Deceptive Acts Against Senior Citizens statute; and (5) unjust enrichment/money had and received.  The Court concluded that Plaintiff's claims were time-barred, based in part on two findings—(1) that information contained in several SEC filings and a media story (collectively, the "Public Documents") triggered the statute of limitations on Plaintiff's claims and ended tolling; and (2) that Plaintiff failed to plead with sufficient particularity that Defendants engaged in fraudulent concealment and that Plaintiff could not have diligently discovered its claims before January 22, 2017.

## DISCUSSION

### I.    Legal Standards

Plaintiff brings this motion under Federal Rules of Civil Procedure 59(e) and 60(b).

Rule 59(e) allows a litigant to file a "motion to alter or amend a judgment" requesting "that a district court reconsider a just-issued judgment," thus giving "a district court the chance 'to rectify its own mistakes in the period immediately following' its decision."  *Banister v. Davis*, 590 U.S. 504, 507-08 (2020) (quoting *White v. N. H. Dept. of Emp. Sec.*, 455 U.S. 445, 450 (1982)).  Because of its "corrective function," courts generally use Rule 59(e) "to 'reconsider[] matters properly encompassed in a decision on the merits.'"  *Id.* (quoting *White*, 455 U.S. at 451).  "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued."  *Id.* (citing 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (3d ed. 2012); *accord Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485, n.5 (2008)).

Rule 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Under Rule 60(b)(1), a party may seek relief based on "mistake, inadvertence, surprise, or excusable neglect." Rules 60(b)(2) through (b)(5) supply other grounds for reopening a judgment, including, for example, newly discovered evidence that could not have been discovered and fraud. Finally, Rule 60(b)(6) provides a catchall for "any other reason that justifies relief." This last option is available only when Rules 60(b)(1) through (b)(5) do not apply. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988). Importantly, Rule 60(b) is "grounded in equity" and promotes the principle "that justice should be done." *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2851 (2d ed. 1995)). The Court "has wide discretion in ruling on a Rule 60(b) motion." *Jones v. Swanson*, 512 F.3d 1045, 1049 (8th Cir. 2008). The rule "is to be given a liberal construction so as to do substantial justice and 'to prevent the judgment from becoming a vehicle of injustice.'" *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755-56 (8th Cir. 1996) (quoting *Rosebud Sioux Tribe v. A&P Steel, Inc.*, 733 F.2d 509, 515 (8th Cir. 1984)). Relief from judgment may be granted to correct errors even if they are not "obvious." *Kemp v. United States*, 596 U.S. 528, 532-36 (2022).

## II.    New Allegations and Alleged Fact Questions

Plaintiff argues that the judgment in this case should be amended because the decisions on both the statute of limitations and fraudulent concealment were based on

unresolved factual questions. Plaintiff submits a proposed amended complaint (Doc.

No. 63-1 (the "Proposed FAC")) and argues that the Proposed FAC contains substantial

new allegations regarding tolling. Plaintiff underscores that the Proposed FAC places the

Public Documents, and the underlying question of the timeliness of Plaintiff's claims, in

proper context and cures any deficiencies in the original complaint.

According to Plaintiff, the factual questions that remain unresolved include:

(1) whether Plaintiff had knowledge of the SEC filing; (2) the relevance of the SEC

disclosures (*i.e.*, whether any knowledge of an investigation from an SEC disclosure

shows knowledge of the wrongdoing the investigation was seeking to uncover);

(3) whether the WSJ article provided notice to Plaintiff; (4) whether references to a

former employee's sealed qui tam complaint should have alerted Plaintiff to the factual

basis of the underlying investigation *and* put Plaintiff on notice to investigate sterility and

safety issues at Defendants' facilities; (6) whether Plaintiff would have had a reasonable

time to investigate its claims; and (7) whether Plaintiff would have uncovered facts of

Defendants' fraud.

Independent of the arguments above, Plaintiff argues that the judgment should be

altered to allow it to amend the complaint to cure any pleading deficiencies. Plaintiff

points out that the Court dismissed its claims because Plaintiff failed to plead with

sufficient particularity the who, what, when, where, and how of Defendants' fraudulent

concealment and Plaintiff's due diligence in uncovering Defendants' fraud. In support,

Plaintiff argues that an amendment to the complaint would not be futile, and that it would

add factual allegations demonstrating that its claims are, indeed, timely. These include

facts about both Defendants' concealing conduct and Plaintiff's diligence and the

discovery rule.  For example, Plaintiff proposes to include:

- additional particularized facts about the who, what, when, where, and how of Defendants' allegedly concealing conduct;
- facts of Defendants' dissemination of false information in response to the WSJ article to prevent detection of its PFS Program;
- facts about affirmative measures Defendants took to quash publication of an exposé about the PFS Program;
- facts about how Defendants billed and coded products to prevent Plaintiff from investigating how the products were made, for example, by using original-manufacturer-specific National Drug Codes;
- instances where Defendants allegedly fraudulently misrepresented and omitted facts to doctors to prevent insurers from discovering the fraud; and
- specific instances where Defendants made specific allegedly false statements to regulators which prevented Plaintiff from learning of its claims against Defendants.

(*See* Doc. No. 59 at 35.)

In addition, Plaintiff proposes to buttress its allegations relevant to showing

Plaintiff's own diligence and the discovery rule, namely that in combination with the

alleged facts above, Plaintiff could not have reasonably discovered its fraud claim against

Defendants before January 22, 2017, at the earliest.  These include facts:

- adding context to how drugs are coded and billed, demonstrating Plaintiff's inability to know that it was paying for PFSs;
- about Plaintiff's own investigative tools and resources it uses to investigate potential fraud, and why the PFS Program evaded detection;
- showing why Plaintiff did not have knowledge of Defendants' SEC filings;
- showing why Plaintiff could not reasonably infer the subject matter of the DOJ's investigation from the Public Information available before September 27, 2017, without additional context;

- showing that the information from the DOJ's criminal complaint could not have been discovered by Plaintiff from public information before September 27, 2017;
- about Defendants' own lack of understanding about the DOJ investigations, corroborating Plaintiff's inability to reasonably infer from the DOJ investigation that Defendants were violating drug safety laws; and
- alleging that Defendants would not have provided the necessary non-public information to uncover the safety and sterility issues before January 22, 2017.[4]

(*See id.* at 36.)

Defendants oppose Plaintiff's motion and emphatically maintain that the Court correctly concluded that, based on the Public Disclosures, neither fraudulent concealment nor the discovery rule tolled the statute of limitations long enough to make Plaintiff's claims timely. (Doc. No. 68 at 15.) In addition, Defendants argue that there are no facts (alleged or proposed) that show Defendants intended to conceal the existence of a cause of action like the ones Plaintiff brings. Finally, Defendants maintain that the Court did not err in dismissing the case with prejudice and argue that Plaintiff's Proposed FAC is futile, untimely, and fails because of other pleading deficiencies.

After careful analysis, the Court agrees with Plaintiff that judgment in this case should be vacated, and that Plaintiff should be allowed to file an amended complaint to attempt to address pleading deficiencies. The Court dismissed Plaintiff's complaint with prejudice. When a complaint is dismissed "with prejudice" and without trial, as is the

---

[4] Plaintiff further contends that most of the new allegations in the Proposed FAC are based on evidence that it did not discover until after the motion to dismiss hearing. (Doc. No. 59 at 37.)

case here, both Rules 59(e) and 60(b) allow a plaintiff to file a post-judgment amended complaint, in which case the motion is evaluated using the same principles that apply to a Rule 15 motion, namely, "that leave to amend 'shall be freely given when justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Wilburn v. Pepsi-Cola Bottling Co. of St. Louis*, 492 F.2d 1288, 1290-91 (8th Cir. 1974) (finding it an abuse of discretion not to allow plaintiff to add tolling allegations via a post-judgment amended complaint). Such amendments should be denied on futility grounds only when the amendments' claims or defenses are "clearly frivolous." *Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 695 (8th Cir. 1981). Here, Plaintiff's proposed amendment is not clearly frivolous. At this stage in the litigation, Plaintiff's Proposed FAC plausibly raises the existence of factual disputes related to the timeliness of its claims.

Therefore, the Court will vacate its April 2024 Order and Judgment to permit Plaintiff to file an amended complaint in this case. The Court does so over Defendants' strong objection and acknowledges the unique procedural posture of this case. Even so, noting the complex nature of this litigation, the nature and length of the alleged fraud involved, the additional facts that Plaintiff has set forth to be included in the amended complaint, the Court finds that the most equitable solution is to allow Plaintiff to amend its complaint. The Court will then revisit, via anticipated motion practice, whether Plaintiffs could have, with reasonable diligence, filed this lawsuit before January 22, 2017. While this decision reopens the case, and therefore places some obvious burden on Defendants, the Court does not believe Defendants will be unduly prejudiced. Indeed, this case involves many years of alleged misconduct on the part of Defendants and any

cost of delay is outweighed by arriving at a fair and correct decision on the timeliness of Plaintiff's claims based on a full and newly pleaded factual record.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Relief from Judgment Under Rule 59(e) and 60(b) (Doc. No. [58]) is **GRANTED** as follows:

1.      The April 24, 2024 Order (Doc. No. [56]) and Judgment (Doc. No. [57]) are **VACATED** and the Clerk of Court is directed to reopen this case.

2.      Plaintiff will be permitted to file an amended complaint.  The amended complaint shall be filed within 30 (thirty) days of this Order.

Dated:  January 10, 2025                    s/Donovan W. Frank
                                            DONOVAN W. FRANK
                                            United States District Judge